TRIF & MODUGNO LLC
Louis A. Modugno, Esq.
89 Headquarters Plaza
North Tower, Suite 1201
Morristown, New Jersey 07960
Telephone: 973-547-3611
Facsimile: 973-554-1220
lmodugno@tm-firm.com
*Attorneys for Defendants,*
*Jonathan Earl and David Earl*

**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE DISTRICT OF NEW JERSEY**

| | |
|---|---|
| IN Re:<br><br>THE MERIT CORPORATION D/B/A MERIT KITCHENS D/B/A MERIT KITCHEN DISTRIBUTORS, INC. D/B/A MERIT KITCHENS, INC.,<br><br>Trustee. | Case No. 22-10460 (JKS)<br><br>Chapter 7 Proceedings<br><br>Judge: John K. Sherwood |
| BENJAMIN A. STANZIALE, Jr., Chapter 7 Trustee for The Merit Corporation d/b/a Merit Kitchens d/b/a Merit Kitchens Distributors, Inc. d/b/a Merit Kitchens, Inc.,<br><br>Plaintiff,<br><br>v.<br><br>JPMORGAN CHASE BANK, N.A., JONATHAN EARL and DAVID EARL,<br><br>Defendants. | Adv. Pro No. 24-01034 (JKS) |

**JONATHAN EARL AND DAVID EARL'S ANSWER TO THE SECOND AMENDED**
**ADVERSARY COMPLAINT WITH AFFIRMATIVE/SEPARATE DEFENSES**

Defendants, Jonathan Earl and David Earl, (collectively "the Earls"), as and for their

Answer with Affirmative/Separate Defenses to the Second Amended Adversary Complaint filed

by the Trustee, Benjamin A. Stanziale, Jr. Chapter 7 Trustee ("Trustee"), by and through their attorneys, Trif & Modugno LLC, states as follows:

## JURISDICTION AND VENUE

1. The Earls admit the allegations contained in Paragraph 1 of the Second Amended Adversary Complaint.

2. The Earls admit the allegations contained in Paragraph 2 of the Second Amended Adversary Complaint.

3. Paragraph 3 of the Second Amended Adversary Complaint calls for a legal conclusion, to which no response is required.

4. Paragraph 4 of the Second Amended Adversary Complaint calls for a legal conclusion, to which no response is required.

5. Paragraph 5 of the Second Amended Adversary Complaint calls for a legal conclusion, to which no response is required.

6. Paragraph 6 of the Second Amended Adversary Complaint calls for a legal conclusion, to which no response is required.

7. Paragraph 7 of the Second Amended Adversary Complaint calls for a legal conclusion, to which no response is required.

## PARTIES

8. The Earls admit the allegations contained in Paragraph 8 of the Second Amended Adversary Complaint.

9. The Earls admit the allegations contained in Paragraph 9 of the Second Amended Adversary Complaint.

10. The Earls admit the allegations contained in Paragraph 10 of the Second Amended

Adversary Complaint only to the extent that Chase issued credit cards in the names of the Earls. The Earls are without knowledge or sufficient information with which to admit or deny the remaining allegations contained in this paragraph.

## BACKGROUND FACTS

11. The Earls are without knowledge or sufficient information with which to admit or deny the allegations contained in Paragraph 11 of the Second Amended Adversary Complaint.

**Chase**

12. The Earls admit only that the Debtor made payments to Chase from the Santander Bank account ending in 3584. The Earls respectfully refer the Bankruptcy Court to the bank statements collectively referenced as "Chase 4-Year Payments" and "Chase 2-Year Payments" for their true terms, conditions, and legal effect. To the extent Paragraph 12 of the Second Amended Adversary Complaint contains any other factual allegations, those are denied.

**Jonathan Earl**

13. The Earls admit the allegations contained in Paragraph 13 of the Second Amended Adversary Complaint only insofar as the Trustee asserts that Jonathan Earl was President of the Debtor and earned a salary.

14. The Earls admit only that payments were made to Chase. The Earls respectfully refer the Bankruptcy Court to the credit card statements and bank statements collectively referenced as "Chase 4-Year Payments" and "Chase 2-Year Payments" for their true terms, conditions, and legal effect. To the extent Paragraph 14 of the Second Amended Adversary Complaint contains any other factual allegations, those are denied.

**David Earl**

15. The Earls admit the allegations contained in Paragraph 15 of the Second Amended

Adversary Complaint only insofar as the Trustee asserts that David Earl was Vice-President and Secretary of the Debtor and earned a salary.

16. The Earls admit only that payments were made to Chase. The Earls respectfully refer the Bankruptcy Court to the credit card statements and bank statements collectively referenced as "Chase 4-Year Payments" and "Chase 2-Year Payments" for their true terms, conditions, and legal effect. To the extent Paragraph 16 of the Second Amended Adversary Complaint contains any other factual allegations, those are denied.

## FIRST COUNT

17. The Earls repeat each and every response set forth in the preceding paragraphs of their Answer to the Second Amended Adversary Complaint as if fully set forth at length herein.

18. The Earls deny the allegations contained in Paragraph 18 of the Second Amended Adversary Complaint.

19. Paragraph 19 of the Second Amended Adversary Complaint calls for multiple legal conclusions, to which no response is required. Additionally, the Earls are without knowledge or sufficient information with which to admit or deny the multiple factual allegations contained in this paragraph. The Earls respectfully refer the Bankruptcy Court to the referenced "income tax returns" for their true terms and conditions. To the extent this paragraph contains any other factual allegations, those are denied.

20. Paragraph 20 of the Second Amended Adversary Complaint calls for multiple legal conclusions, to which no response is required. Additionally, the Earls are without knowledge or sufficient information with which to admit or deny the multiple factual allegations contained in this paragraph. The Earls respectfully refer the Bankruptcy Court to the referenced "books" and "balance sheets" for their true terms and conditions. To the extent this paragraph contains any

other factual allegations, those are denied.

21. Paragraph 21 of the Second Amended Adversary Complaint calls for multiple legal conclusions, to which no response is required. Additionally, the Earls are without knowledge or sufficient information with which to admit or deny the multiple factual allegations contained in this paragraph. The Earls respectfully refer the Bankruptcy Court to the referenced "invoices" documents for their true terms and conditions. To the extent this paragraph contains any other factual allegations, those are denied.

22. Paragraph 22 of the Second Amended Adversary Complaint calls for multiple legal conclusions, to which no response is required. Additionally, the Earls are without knowledge or sufficient information with which to admit or deny the multiple factual allegations contained in this paragraph. The Earls respectfully refer the Bankruptcy Court to the referenced "accounts payable" documents for their true terms and conditions. To the extent this paragraph contains any other factual allegations, those are denied.

23. The Earls admit only that the Debtor operated business from January 20, 2018, through the date of filing the bankruptcy petition. The remaining allegations of Paragraph 23 of the Second Amended Adversary Complaint call for a legal conclusion, to which no response is required. To the extent this paragraph contains any other factual allegations, those are denied.

24. The Earls deny the allegations contained in Paragraph 24 of the Second Amended Adversary Complaint.

25. Paragraph 25 of the Second Amended Adversary Complaint calls for multiple legal conclusions, to which no response is required. Additionally, the Earls are without knowledge or sufficient information with which to admit or deny the factual allegations contained in this paragraph. The Earls respectfully refer the Bankruptcy Court to the referenced records and

schedules for their true terms and conditions. To the extent this paragraph contains any other factual allegations, those are denied.

26. Paragraph 26 of the Second Amended Adversary Complaint calls for multiple legal conclusions, to which no response is required. Additionally, the Earls are without knowledge or sufficient information with which to admit or deny the multiple factual allegations contained in this paragraph. The Earls respectfully refer the Bankruptcy Court to the referenced records and schedules for their true terms, conditions, and legal effect. To the extent this paragraph contains any other factual allegations, those are denied.

27. Paragraph 27 of the Second Amended Adversary Complaint calls for a legal conclusion, to which no response is required. To the extent this paragraph contains any other factual allegations, those are denied.

28. Paragraph 28 of the Second Amended Adversary Complaint calls for a legal conclusion, to which no response is required.

## SECOND COUNT

29. The Earls repeat each and every response set forth in the preceding paragraphs of their Answer to the Second Amended Adversary Complaint as if fully set forth at length herein.

30. The Earls deny the allegations contained in Paragraph 30 of the Second Amended Adversary Complaint.

31. The Earls deny the allegations contained in Paragraph 31 of the Second Amended Adversary Complaint.

32. The Earls deny the allegations contained in Paragraph 32 of the Second Amended Adversary Complaint.

## THIRD COUNT

33. The Earls repeat each and every response set forth in the preceding paragraphs of their Answer to the Second Amended Adversary Complaint as if fully set forth at length herein.

34. The Earls deny the allegations contained in Paragraph 34 of the Second Amended Adversary Complaint.

35. The Earls deny the allegations contained in Paragraph 35 of the Second Amended Adversary Complaint.

36. The Earls deny the allegations contained in Paragraph 36 of the Second Amended Adversary Complaint.

## FOURTH COUNT

37. The Earls repeat each and every response set forth in the preceding paragraphs of their Answer to the Second Amended Adversary Complaint as if fully set forth at length herein.

38. The Earls deny the allegations contained in Paragraph 38 of the Second Amended Adversary Complaint.

39. Paragraph 39 of the Second Amended Adversary Complaint calls for a legal conclusion, to which no response is required.

## FIFTH COUNT

40. The Earls repeat each and every response set forth in the preceding paragraphs of their Answer to the Second Amended Adversary Complaint as if fully set forth at length herein.

41. The Earls deny the allegations contained in Paragraph 41 of the Second Amended Adversary Complaint.

42. The Earls deny the allegations contained in Paragraph 42 of the Second Amended Adversary Complaint.

## SIXTH COUNT

43. The Earls repeat each and every response set forth in the preceding paragraphs of their Answer to the Second Amended Adversary Complaint as if fully set forth at length herein.

44. Paragraph 44 of the Second Amended Adversary Complaint calls for a legal conclusion, to which no response is required.

45. The Earls deny the allegations contained in Paragraph 45 of the Second Amended Adversary Complaint.

46. The Earls deny the allegations contained in Paragraph 46 of the Second Amended Adversary Complaint.

## SEVENTH COUNT

47. The Earls repeat each and every response set forth in the preceding paragraphs of their Answer to the Second Amended Adversary Complaint as if fully set forth at length herein.

48. The Earls deny the allegations contained in Paragraph 48 of the Second Amended Adversary Complaint.

49. The Earls deny the allegations contained in Paragraph 49 of the Second Amended Adversary Complaint.

## AFFIRMATIVE/SEPARATE DEFENSES

### FIRST AFFIRMATIVE/SEPARATE DEFENSE

The Trustee has failed to state a claim for which relief may be granted.

### SECOND AFFIRMATIVE/SEPARATE DEFENSE

The Trustee's claims, in whole or in part, are barred by the Doctrines of Setoff and Recoupment.

### THIRD AFFIRMATIVE/SEPARATE DEFENSE

The Trustee's claims, in whole or in part, are barred and/or limited because the Debtor did

not make any transfer with actual intent to hinder, delay or defraud anyone.

### FOURTH AFFIRMATIVE/SEPARATE DEFENSE

The Trustee's claims, in whole or in part, are barred and/or limited because the Debtor received reasonably equivalent value in exchange for all transfers referenced in the Second Amended Adversary Complaint.

### FIFTH AFFIRMATIVE/SEPARATE DEFENSE

The Trustee's claims, in whole or in part, are barred and/or limited because the Debtor was not insolvent on the date of each transfer referenced in the Second Amended Adversary Complaint.

### SIXTH AFFIRMATIVE/SEPARATE DEFENSE

The Trustee's claims, in whole or in part, are barred and/or limited because the Debtor did not make the alleged transfers for which the property remaining with the Debtor was unreasonably small.

### SEVENTH AFFIRMATIVE/SEPARATE DEFENSE

The Trustee's claims, in whole or in part, must be dismissed because the Trustee does not stand in the shoes of any applicable creditor.

### EIGHTH AFFIRMATIVE/SEPARATE DEFENSE

The Trustee's claims, in whole or in part, are barred because the transfer was not made with the intent that the Debtor incur, or the belief that the Debtor would incur, debts that were beyond the Debtor's ability to pay such debts.

### NINTH AFFIRMATIVE/SEPARATE DEFENSE

The Trustee's claims, in whole or in part, are barred because the Debtor received new value from the Defendants.

### TENTH AFFIRMATIVE/SEPARATE DEFENSE

The Trustee's claims, in whole or in part, are barred because the alleged transfers to or on behalf of the Earls were in the ordinary course and financial affairs of the Debtor's business.

**ELEVENTH AFFIRMATIVE/SEPARATE DEFENSE**

The Trustee's claims, in whole or in part, are barred because the Earls did not breach any duty to the Debtor.

**TWELTH AFFIRMATIVE/SEPARATE DEFENSE**

The Trustee's claims, in whole or in part, are barred based on the business judgment rule.

**THIRTEENTH AFFIRMATIVE/SEPARATE DEFENSE**

The Trustee's claims are barred, in whole or in part, to the extent that the alleged transfers were made to pay the Debtor's business expenses.

**FOURTEENTH AFFIRMATIVE/SEPARATE DEFENSE**

The Trustee's claims are barred, in whole or in part, because the alleged transfers were made for value and in good faith.

**FIFTEENTH AFFIRMATIVE/SEPARATE DEFENSE**

The Trustee's claims, in whole or in part, are barred because of the applicable statute of limitations.

**SIXTEENTH AFFIRMATIVE/SEPARATE DEFENSE**

The Trustee's claims, in whole or in part, are barred because the amounts claimed are overstated or misstated.

**EIGHTEENTH AFFIRMATIVE/SEPARATE DEFENSE**

The Court lacks jurisdiction over one or more of the Trustee's claims.

**NINETEENTH AFFIRMATIVE/SEPARATE DEFENSE**

The Earls are entitled to a credit to the extent of any value given for any alleged transfer.

**WHEREFORE**, the Earls deny that the Trustee is entitled to the relief sought in the Second Amended Adversary Complaint, and demands judgment dismissing the Second Amended Adversary Complaint, with prejudice, in addition to an award of attorneys' fees, litigation expenses, costs of suit, and other such relief in favor of the Earls and against the Trustee as the Bankruptcy Court deems just and appropriate.

### RESERVATION OF RIGHTS

The Earls expressly reserve all of their rights, whether at law or in equity, to amend their pleading to assert any additional affirmative/separate defenses or to assert any affirmative claims during or upon the completion of discovery.

### JURY DEMAND

The Earls demand a trial by jury to the extent any claim by the Trustee is so triable.

### CERTIFICATION OF FILING AND SERVICE

This Answer with Affirmative/Separate Defenses is being filed and served via electronic filing on the date set forth below, and in the time and manner prescribed by the local Bankruptcy Rules of the District of New Jersey.

    TRIF & MODUGNO LLC
*Attorneys for Defendants,*
*Jonathan Earl and David Earl*

By: ___s/ *Louis Modugno*
    Louis A. Modugno

Dated: April 12, 2024