| |  |
|---|---|
| UNITED STATES BANKRUPTCY COURT<br>FOR THE DISTRICT OF NEW JERSEY<br>**Caption in compliance with D.N.J. LBR 9004-1**<br>**REED SMITH LLP**<br>599 Lexington Avenue, 24th Floor<br>New York, New York 10022<br>(212) 541-5400<br>*Attorneys for JPMorgan Chase Bank, N.A.*<br>Alissa K. Piccione<br>Email: apiccione@reedsmith.com | |
| In re:<br><br>THE MERIT CORPORATION D/B/A MERIT KITCHENS D/B/A MERIT KITCHEN DISTRIBUTORS, INC. D/B/A MERIT KITCHENS, INC.,<br><br>      Debtor. | Case No. 22-10460 (JKS)<br><br>Judge: John K. Sherwood<br><br>Chapter 7 Proceeding |
| BENJAMIN A. STANZIALE, Jr., Chapter 7 Trustee for The Merit Corporation d/b/a Merit Kitchens d/b/a Merit Kitchen Distributors, Inc. d/b/a Merit Kitchens, Inc.,<br><br>      Plaintiff,<br><br>      v.<br><br>JPMORGAN CHASE BANK, N.A., JONATHAN EARL and DAVID EARL,<br><br>      Defendants. | Adv. Pro. No. 24-01034 JKS |

**DEFENDANT JPMORGAN CHASE BANK, N.A.'S ANSWER
TO SECOND AMENDED COMPLAINT AND AFFIRMATIVE DEFENSES**

Defendant JPMorgan Chase Bank, N.A. ("JPM"), by and through its undersigned counsel, hereby answers the *Second Amended Complaint* [Doc. No. 8] (the "Complaint")[1] as follows:

**AS AND FOR A RESPONSE TO "JURISDICTION AND VENUE"**

1.  JPM lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 1 of the Complaint.

---

[1] Capitalized terms used but not otherwise defined herein have the meanings given to them in the Complaint.

2. JPM lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 2 of the Complaint.

3. JPM lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 3 of the Complaint.

4. JPM lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 4 of the Complaint.

5. JPM lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 5 of the Complaint. Notwithstanding the foregoing, JPM hereby consents, pursuant to Bankruptcy Rule 7012 and D.N.J. LBR 7016-1(e), to the entry of a final order by this Court in connection with the Complaint.

6. JPM lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 6 of the Complaint.

7. JPM lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 7 of the Complaint.

**AS AND FOR A RESPONSE TO "PARTIES"**

8. JPM lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 8 of the Complaint.

9. JPM lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 9 of the Complaint.

10. JPM admits that it issues credit cards and issued credit cards to Jonathan Earl and David Earl, on which it received payments which the Trustee alleges came from the Debtor, but denies the remainder of the allegations in Paragraph 10 of the Complaint.

## AS AND FOR A RESPONSE TO "BACKGROUND FACTS"

11. JPM lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 11 of the Complaint.

12. JPM admits that it received certain payments listed on Exhibits A and B to the Complaint, but lacks knowledge or information sufficient to form a belief as to the remainder of the allegations in Paragraph 12 of the Complaint.

13. JPM lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 13 of the Complaint.

14. JPM admits that it received certain payments in the amounts and on or around the dates listed on Exhibit A to the Complaint and that such payments were applied to credit cards issued to Jonathan. JPM, however, lacks knowledge or information sufficient to form a belief as to the truth of the remainder of the allegations in Paragraph 14 of the Complaint.

15. JPM lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 15 of the Complaint.

16. JPM admits that it received certain payments in the amounts and on or around the dates listed on Exhibit B to the Complaint and that such payments were applied to credit cards issued to David. JPM, however, lacks knowledge or information sufficient to form a belief as to the truth of the remainder of the allegations in Paragraph 16 of the Complaint.

## AS AND FOR A RESPONSE TO "FIRST COUNT"

17. JPM repeats and realleges the responses in each of the foregoing paragraphs as if set forth herein.

18. JPM denies the allegations in Paragraph 18 of the Complaint.

19. JPM lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 19 of the Complaint.

20. JPM lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 20 of the Complaint.

21. JPM lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 21 of the Complaint.

22. JPM lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 22 of the Complaint.

23. JPM lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 23 of the Complaint.

24. JPM denies the allegations in Paragraph 24 of the Complaint.

25. JPM lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 25 of the Complaint.

26. JPM lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 26 of the Complaint.

27. JPM lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 27 of the Complaint.

28. The phrase "the payments" in Paragraph 28 of the Complaint is ambiguous. To the extent it was intended to refer to any payments to JPM, JPM denies the allegations in Paragraph 28 of the Complaint. To the extent the phrase was intended to refer to payments to a person or entity other than JPM, JPM lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 28 of the Complaint.

**WHEREFORE**, JPM demands judgment in its favor, dismissing Plaintiff's entire Complaint with prejudice, awarding JPM its attorneys' fees and costs incurred in defending against the Complaint, and such other and further relief as the Court deems appropriate and just.

**AS AND FOR A RESPONSE TO "SECOND COUNT"**

29. JPM repeats and realleges the responses in each of the foregoing paragraphs as if set forth herein.

30. JPM lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 30 of the Complaint.

31. JPM denies the allegations in Paragraph 31 of the Complaint.

32. The phrase "the payments" in Paragraph 32 of the Complaint is ambiguous. To the extent it was intended to refer to any payments to JPM, JPM denies the allegations in Paragraph 32 of the Complaint. To the extent the phrase was intended to refer to payments to a person or entity other than JPM, JPM lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 32 of the Complaint.

**WHEREFORE**, JPM demands judgment in its favor, dismissing Plaintiff's entire Complaint with prejudice, awarding JPM its attorneys' fees and costs incurred in defending against the Complaint, and such other and further relief as the Court deems appropriate and just.

**AS AND FOR A RESPONSE TO "THIRD COUNT"**

33. JPM repeats and realleges the responses in each of the foregoing paragraphs as if set forth herein.

34. JPM lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 34 of the Complaint.

35. JPM denies the allegations in Paragraph 35 of the Complaint.

36. The phrase "the payments" in Paragraph 36 of the Complaint is ambiguous. To the extent it was intended to refer to any payments to JPM, JPM denies the allegations in Paragraph 36 of the Complaint. To the extent the phrase was intended to refer to payments to a person or

entity other than JPM, JPM lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 36 of the Complaint.

**WHEREFORE**, JPM demands judgment in its favor, dismissing Plaintiff's entire Complaint with prejudice, awarding JPM its attorneys' fees and costs incurred in defending against the Complaint, and such other and further relief as the Court deems appropriate and just.

## AS AND FOR A RESPONSE TO "FOURTH COUNT"

37. JPM repeats and realleges the responses in each of the foregoing paragraphs as if set forth herein.

38. JPM denies the allegations in Paragraph 38 of the Complaint.

39. The phrase "the payments" in Paragraph 39 of the Complaint is ambiguous. To the extent it was intended to refer to any payments to JPM, JPM denies the allegations in Paragraph 39 of the Complaint. To the extent the phrase was intended to refer to payments to a person or entity other than JPM, JPM lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 39 of the Complaint.

**WHEREFORE**, JPM demands judgment in its favor, dismissing Plaintiff's entire Complaint with prejudice, awarding JPM its attorneys' fees and costs incurred in defending against the Complaint, and such other and further relief as the Court deems appropriate and just.

## AS AND FOR A RESPONSE TO "FIFTH COUNT"

40. JPM repeats and realleges the responses in each of the foregoing paragraphs as if set forth herein.

41. JPM lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 41 of the Complaint.

42. JPM lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 42 of the Complaint.

**WHEREFORE**, JPM demands judgment in its favor, dismissing Plaintiff's entire Complaint with prejudice, awarding JPM its attorneys' fees and costs incurred in defending against the Complaint, and such other and further relief as the Court deems appropriate and just.

### AS AND FOR A RESPONSE TO "SIXTH COUNT"

43. JPM repeats and realleges the responses in each of the foregoing paragraphs as if set forth herein.

44. JPM lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 44 of the Complaint.

45. JPM lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 45 of the Complaint.

46. JPM lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 46 of the Complaint.

**WHEREFORE**, JPM demands judgment in its favor, dismissing Plaintiff's entire Complaint with prejudice, awarding JPM its attorneys' fees and costs incurred in defending against the Complaint, and such other and further relief as the Court deems appropriate and just.

### AS AND FOR A RESPONSE TO "SEVENTH COUNT"

47. JPM repeats and realleges the responses in each of the foregoing paragraphs as if set forth herein.

48. JPM lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 48 of the Complaint.

49. JPM lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 49 of the Complaint.

**WHEREFORE**, JPM demands judgment in its favor, dismissing Plaintiff's entire Complaint with prejudice, awarding JPM its attorneys' fees and costs incurred in defending against the Complaint, and such other and further relief as the Court deems appropriate and just.

## **AFFIRMATIVE DEFENSES**

1. Plaintiff lacks standing to bring the claims asserted in this action.

2. Plaintiff has failed to allege facts with sufficient specificity that, if proven, establish a prima facie case for recovery against JPM. For example, Plaintiff states that, "[u]pon information and belief, the Chase/Jonathan 4-year Payments and the Chase/David 4-Year Payments were made by the Debtor without receiving equivalent value in exchange for the aforesaid payments." See Compl. ¶ 18. As a threshold matter, a transfer is avoidable only if the debtor does not receive reasonably equivalent value in exchange; exact equivalency is not required. Further, Plaintiff's conclusory assertion is insufficient to meet even a notice pleading standard and is contrary to documentary evidence indicating, inter alia, that certain charges on the subject credit cards were likely incurred for the benefit of the Debtor's business. Therefore, Plaintiff has failed to state a claim upon which relief may be granted.

3. To the extent that JPM received any of the transfers referenced in the Complaint and JPM was not the initial transferee, Plaintiff cannot recover from JPM because JPM took the transfers for value, in good faith, without knowledge of the voidability of the transfers.

4. To each and every purported claim for relief, to the extent Plaintiff is successful in recovering any allegedly avoidable payments, JPM shall have a lien on such recovery to the extent provided in 11 U.S.C. § 548(c).

5. Plaintiff cannot obtain a double recovery of any transfers that are recovered or determined to be recoverable from any principals or insiders of the Debtor, from the beneficiaries of the alleged transfers, or from any persons or entities other than JPM.

6. Any claim by Plaintiff for recovery of the transfers referenced in the Complaint fails to the extent that such claim is time-barred by the applicable statute of limitation, and/or to the extent that such claim exceeds the reach-back period for avoidance and recovery of such transfers provided under applicable law.

7. The Complaint's claims are barred by the doctrines of laches, waiver, and/or estoppel.

8. Plaintiff and the Debtor's estate have suffered no damages.

9. The damages suffered by Plaintiff and the Debtor's estate, if any, were caused by Plaintiff's or Debtor's own conduct. Therefore, JPM is not liable.

10. Plaintiff failed to mitigate any damages Plaintiff may have suffered.

11. The damages allegedly suffered by Plaintiff were not the proximate or foreseeable result of acts or omissions of JPM.

12. All conduct engaged in by JPM concerning or affecting Plaintiff was justified, privileged, and/or otherwise legally authorized.

13. Plaintiff's claims against JPM are barred by the supervening and superseding acts of others not under the control or direction of JPM.

14. At all times relevant hereto, JPM complied with all applicable laws, regulations, specifications, and standards.

JPM reserves the right to raise any and all affirmative defenses that may become apparent during the course of this action and to amend its Answer accordingly. JPM further reserves all rights with respect to third parties, including any Co-Defendant.

DATED: April 24, 2024

                              By: */s/ Alissa K Piccione*
                                  Alissa K. Piccione
                                  REED SMITH LLP
                                  599 Lexington Avenue
                                  New York, New York 10022
                                  Tel:  (212) 521-5400
                                  Fax:  (212) 521-5450
                                  Email: apiccione@reedsmith.com

                                  *Counsel for Defendant*
                                  *JPMorgan Chase Bank, N.A.*

## **CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that, on April 24, 2024, a copy of *Defendant JPMorgan Chase Bank, N.A's Answer to Second Amended Complaint and Affirmative Defenses* was served via the Court's ECF System to all parties registered to receive electronic notice.

DATED: April 24, 2024

                               By: */s/ Alissa K Piccione*
                               Alissa K Piccione
                               REED SMITH LLP
                               599 Lexington Avenue
                               New York, New York 10022
                               Tel:  (212) 521-5400
                               Fax:  (212) 521-5450
                               Email: apiccione@reedsmith.com

                               *Counsel for Defendant JPMorgan Chase Bank, N.A.*